JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the Domestic Relations Division of the Cuyahoga County Common Pleas Court finding appellant liable for an arrearage of $51,891.30 for child support. Appellant argues:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY RETROACTIVELY APPLYING R.C. § 2301.36(A).
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A BURDEN OF CLEAR AND CONVINCING EVIDENCE ON THE DEFENDANT.
 III. THE TRIAL COURT'S FACTUAL DETERMINATION THAT THE PAYMENTS WERE NOT IN THE NATURE OF SUPPORT WAS UNSUPPORTED BY THE EVIDENCE AND WAS AN ABUSE OF DISCRETION.
Appellee has not responded to appellant's brief, so we may accept the appellant's statement of the facts and issues as correct. App.R. 18(C). Nevertheless, we find no error in the court's decision, so we affirm its judgment.
 FACTUAL AND PROCEDURAL HISTORY
The parties were divorced pursuant to a judgment of the domestic relations division of the common pleas court entered December 29, 1978. The court awarded custody of the parties' three minor children (then ages 6, 5 and 3 years) to appellee-mother and ordered appellant-father to pay child support as follows:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay through the office of the Clerk of Courts Thirty Dollars ($30.00) per week per child, plus 1% poundage, for the support of the minor children, namely Katherine M., Brent R. and Brandon K., plus necessary medical and dental expenses.
Appellant was also ordered to pay an arrearage for child support of $1350.00.
With the exception of one motion to show cause, which appellee filed in 1979 and subsequently withdrew, no further proceedings occurred in this action until December 15, 1998, when appellant filed a motion for the court to recognize direct payments of support. A magistrate conducted an evidentiary hearing on the motion in September, 1999 and issued findings of fact and conclusions of law on January 5, 2000. The magistrate concluded that the children were emancipated so that no continuing duty of support remained in effect. She then found that, given appellant's admitted failure to pay any support through the clerk of courts as ordered, appellant's total support obligation for all three children until they reached majority, including the arrearage that existed at the time of the original order, was $61,504.20, excluding interest and poundage.
The magistrate found that appellant resided with his parents from the time of the divorce until June 1979. [I]n June, 1979 the [appellant] returned to the marital home although he was not around much, as the daughter had testified. Appellee admitted appellant made direct payments of support between March 1979 and 1990 equal to $1800.00.
The magistrate found that, from 1990 to 1998, appellant took up full time residence in the [appellee's] basement and paid to [appellee] monies for room and board, food and further provided for [appellee's] transportation needs. The amount appellant paid for room and board was sufficient [for appellee] to meet her mortgage, utility, insurance and other household expenses. The magistrate noted that this amount seemed excessive as a rent expense in the customary long-arm transaction.
The magistrate gave appellant credit for the $1800 in direct support payments appellee admitted she received from appellant between March 1979 and December 1989. The magistrate also gave appellant credit for direct support provided (in the form of room and board) from January 1990 to April 1993, when the last child was emancipated. In other words, the magistrate found appellant met his support obligations for that period. However, the magistrate found that all amounts paid after the emancipation of the last child were not for the benefit of the children and therefore could not be attributed to support. He found the arrearage due after applying these credits was $51,441.30.
Appellant objected to the magistrate's decision. The court overruled appellant's objections and adopted the magistrate's decision.
 LAW AND ANALYSIS
In his first assignment of error, appellant complains that the court incorrectly applied R.C. 2301.36(A), which provides in pertinent part:
 Upon issuing or modifying a support order * * * the court shall require that support payments be made to the division of child support in the department of human services as trustee for remittance to the person entitled to receive payments * * *. Any payment of money by the person responsible for the support payments under a support order to the person entitled to receive the support payments that is not made to the division in accordance with the applicable support order shall not be considered as a payment of support and, unless the payment is made to discharge an obligation other than support, shall be deemed to be a gift.
Neither the magistrate nor the court deemed that any payment by appellant to appellee was a gift; therefore, appellant could not have been prejudiced by the magistrate's reference to R.C. 2301.36(A).
The court gave appellant credit against his child support obligations for (1) the $1800 in direct support payments that the court found he made to appellant between 1979 to 19891 and (2) all child support obligations arising from January 1990 until the last child reached majority in April 1993. The court found that all payments appellant made to appellee after April 1993 were not for the benefit of the children. There is no indication that the court applied the presumption created by R.C.2301.36(A) by presuming any payment appellant made to appellee was a gift. Therefore, the first assignment of error is overruled.
1The parties disputed the amounts appellant paid to appellee from 1979 to 1989. At the hearing before the magistrate, appellant admitted he paid no support through the court but testified that he paid $1500 to $1800 per month in direct payments for food, insurance, house payments, car payments and gas from 1979 forward. He had no receipts or other evidence of these payments. Appellee testified that appellant paid a total of $1800 between 1979 and 1989.
In his second assignment of error, appellant urges that the court erroneously raised his burden of proof, requiring him to prove his claim by clear and convincing evidence. Appellant misconstrues the trial court's order. While the magistrate does state that the rebuttal testimony offered by [appellant's] witness fell short of clear and convincing, her decision (adopted by the court) plainly recognizes that [t]he burden is upon the [appellant] to show by a preponderance of the evidence that he had complied with the court's order. Therefore, the second assignment of error is overruled.
Finally, appellant argues that the court's finding that certain payments were not in the nature of support was not supported by the evidence and was an abuse of discretion. We construe this assignment to argue that the court's findings were against the manifest weight of the evidence. In assessing this claim, we are guided by a presumption that the trial court's factual findings were correct. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be disturbed. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
Here, there was competent, credible evidence to support the court's findings. Appellee testified that appellant resided outside the marital home from the time of the divorce until 1990. She stated that appellant paid her a total of $1800 for support during that time. She also stated appellant moved back into her home and paid her $1500 to $1800 per month from 1990 until the spring of 1998. Appellant does not dispute that the last child reached majority in April, 1993 and that his support obligations terminated at that time. This evidence supports the trial court's findings regarding the direct payments of support.
Appellant apparently claims that the court should have given him credit against child support arrearages for all payments he made to appellee while he was living in her house from 1990 to 1998. The trial court found these payments were in the nature of rent, though they were somewhat excessive for this purpose. The court attributed the excess to child support while the children were minors; however, it appropriately did not give appellant credit for supporting the children after they attained majority because he had no obligation under the court order to support them any more. There was no evidence in the record that would allow the court to attribute any of these payments to past-due child support. Therefore, the court's findings regarding the support arrearages due were supported by some competent, credible evidence and the third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOYCE J. GEORGE, J.* CONCURS ANN DYKE, J. CONCURS IN JUDGMENT ONLY
* Sitting by Assignment: Joyce J. George, retired Judge of the Ninth Appellate District.